UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

BERTHA M. LEWIS,                    )
                                    )
            Plaintiff               )
                                    )
      v.                            )   CIVIL NO. 2:11 cv 313
                                    )
SAINT MARGARET MERCY,               )
                                    )
            Defendant               )

OPINION AND ORDER

This matter is before the court on the Motion to Compel [DE
30] filed by the plaintiff, Bertha M. Lewis, on October 24, 2012;
the Motion to Extend Discovery Deadline [DE 32] filed by Lewis on
October 25, 2012; and the Second Motion to Compel [DE 36] filed
by Lewis on November 9, 2012.  For the reasons set forth below,
the Motion to Compel [DE 30] is **GRANTED IN PART** and **DENIED IN
PART**, the Motion to Extend Discovery Deadline [DE 32] is **DENIED**,
and the Second Motion to Compel [DE 36] is **DENIED AS MOOT**.

Background

This matter arises from the complaint of the plaintiff,
Bertha M. Lewis, that the defendant, St. Margaret Mercy, discrim-
inated against her on the basis of age.  Lewis had been employed
by St. Margaret approximately 36 years prior to her termination.
The court held a preliminary pre-trial conference on January 20,
2012, and set the discovery deadline as June 29, 2012.  After the
close of discovery, St. Margaret moved to have discovery re-

opened.  Lewis objected to this request.  The court granted the
motion, extending discovery through September 12, 2012, and
advised the parties that no further extensions would be granted.
On agreement of the parties, the court granted an additional
extension through October 31, 2012.

Lewis served St. Margaret with a Request of Interrogatories
on August 15, 2012.  St. Margaret responded on October 10, 2012,
and produced 1,800 pages of documents.  Lewis' counsel found St.
Margaret's responses to her interrogatories insufficient and
requested that St. Margaret supplement its responses.  St.
Margaret's counsel explained the objections complained that many
of the interrogatories did not specify any time frame.  After
some correspondence, St. Margaret provided supplementary re-
sponses to seven of the interrogatories.  Lewis' counsel indi-
cated that she was satisfied with St. Margaret's response to
Interrogatory No. 4, but that the remaining answers were non-
responsive.

A few days after receiving St. Margaret's initial responses
to the interrogatories, Lewis' counsel took the depositions of
Lewis' former supervisors, Susan Greenwald and Jan Autry.  St.
Margaret argues that many of the responses Lewis seeks in re-
sponse to her interrogatories were answered at the depositions.
Lewis now moves to compel complete responses to several of her

interrogatories and to extend the discovery deadline so that she can take the depositions of six people, including two of Lewis' supervisors, three similarly situated younger employees, and another fact witness.

On November 9, 2012, Lewis also filed a motion to compel St. Margaret to produce its initial disclosures.  St. Margaret filed its initial disclosures on November 28, 2012.

### Discussion

A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things."  Federal Rule of Civil Procedure 26(b)(1).  For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case."  *Chavez v. DaimlerChrysler Corp.,* 206 F.R.D. 615, 619 (S.D. Ind. 2002)(*quoting* *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)).  Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard.  *Borom v. Town of Merrillville*, 2009

WL 1617085, *1 (N.D. Ind. June 8, 2009) (*citing* **Sanyo Laser Prods., Inc. v. Arista Records, Inc.**, 214 F.R.D. 496, 502 (S.D. Ind. 2003)). *See also* **Adams v. Target,** 2001 WL 987853, *1 (S.D. Ind. July 30, 2001)("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."); **Shapo v. Engle,** 2001 WL 629303, *2 (N.D. Ill. May 25, 2001)("Discovery is a search for the truth.").

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. Federal Rule of Civil Procedure 37(a)(2)-(3). The burden "rests upon the objecting party to show why a particular discovery request is improper." **Gregg v. Local 305 IBEW**, 2009 WL 1325103, *8 (N.D. Ind. May 13, 2009)(*citing* **Kodish v. Oakbrook Terrace Fire Protection Dist.**, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006)); **McGrath v. Everest Nat. Ins. Co.**, 2009 WL 1325405, *3 (N.D. Ind. May 13, 2009)(internal citations omitted); **Carlson Restaurants Worldwide, Inc. v. Hammond Professional Cleaning Services**, 2009 WL 692224, *5 (N.D. Ind. March 12, 2009)(internal citations omitted). The objecting party must show with specificity that the request is improper. **Cunningham v. Smithkline Beecham**, 255 F.R.D. 474, 478 (N.D. Ind. 2009)(*citing* **Graham v. Casey's General Stores**, 206 F.R.D. 253, 254 (S.D. Ind. 2002)). That burden cannot be met by "a reflexive

4

invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Cunningham*, 255 F.R.D. at 478 (*citing* **Burkybile v. Mitsubishi Motors Corp.**, 2006 WL 2325506, *6 (N.D. Ill. Aug. 2, 2006))(internal quotations and citations omitted). Rather, the court, under its broad discretion, considers "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." **Berning v. UAW Local 2209**, 242 F.R.D. 510, 512 (N.D. Ind. 2007)(examining **Patterson v. Avery Dennison Corp.,** 281 F.3d 676, 681 (7th Cir. 2002))(internal quotations and citations omitted). *See also* **Hunt v. DaVita, Inc.**, 680 F.3d 775, 780 (7th Cir. 2012)(explaining that the district court has broad discretion in supervising discovery).

In her second motion to compel, Lewis requests the production of the defendants' initial disclosures. Two days later, St. Margaret filed its initial disclosures with the court. For this reason, Lewis' Second Motion to Compel is **DENIED AS MOOT.**

Lewis raises a series of objections to St. Margaret's responses to her interrogatories. In her fourth interrogatory,

Lewis asked St. Margaret to identify the job duties and responsi-
bilities Lewis held under each supervisor. Lewis found St.
Margaret's initial response incomplete and conferred with defense
counsel to supplement its answer. Defense counsel supplemented
the responses to Lewis' interrogatories, and in a letter dated
October 24, 2012, Lewis' counsel indicated that she was satisfied
with the supplemental response to Interrogatory No. 4. However,
Lewis now complains that St. Margaret's response to Interrogatory
No. 4 is incomplete and argues that "[i]t does not matter that
counsel mistakenly believed the question had been adequately
answered." Lewis' counsel is mistaken.

When a party files a discovery motion, she must submit a
certification explaining her good faith efforts to confer and
resolve the discovery dispute without seeking court intervention.
Rule 37(a)(1); Local Rule 37.1. The requirement to meet-and-
confer must be taken seriously, because the court must find that
the parties made a good faith effort to resolve the dispute
before the court can rule on the merits of the motion. *See
Robinson v. Potter*, 453 F.3d 990, 994—95 (8th Cir. 2006) (*citing
Naviant Mktg. Solutions, Inc. v. Larry Tucker, Inc.*, 339 F.3d
180, 186 (3rd Cir. 2003)). *See Shoppell v. Schrader*, 2009 WL
2515817, *1 (N.D. Ind. August 13, 2009) (finding good faith
certification of a single letter and a brief telephone conversa-

tion inadequate). "Fed.R.Civ.P. 37(a) envisions a genuine two-way communication where the parties engage in a meaningful dialogue to resolve the issues without judicial intervention." **Forest River Housing, Inc. v. Patriot Homes, Inc.**, 2007 WL 1376289 (N.D. Ind. May 7, 2007) (*citing* **Shuffle Master, Inc. v. Progressive Games, Inc**., 170 F.R.D. 166, 171 (D.C. Nev. 1996)).

Courts have broad discretion in determining whether the moving party has satisfied the meet-and-confer component of Rule 37(a)(1) and Local Rule 37.1. **Mintel Intern. Group, Ltd. v. Neerghen**, 2008 WL 4936745, *1 (N.D. Ill. Nov. 17, 2008). In making this determination, the court will consider the totality of the circumstances. **Kidwiler v. Progressive Paloverde Ins. Co.**, 192 F.R.D. 193, 198 (N.D. W.Va. 2000). One correspondence can meet this requirement when it is detailed and continued contact likely would not have been successful in resolving the discovery dispute. **Kidwiler,** 192 F.R.D. at 198. *See also* **Alloc, Inc. v. Unilin Beheer B.V.**, 2006 WL 757871, *1 (E.D. Wis. Mar. 24, 2006) (finding that several letters exchanged between the two parties satisfied the meet and confer requirement of Rule 37). On the other hand, several correspondences may fail to meet Rule 37's standard if the court determines that the correspondences were not genuine two-way communications involving a meaningful dialogue. *See* **Forest River Housing**, 2007 WL 1376289 at *1.  The

communication specifically must address the conflict and appear to involve meaningful negotiations. *Forest River Housing*, 2007 WL 1376289 at *1. The motion should be denied where it is obvious that the parties did not engage in a meaningful dialogue, particularly where the non-moving party shows a willingness to compromise. *See Forest River Housing*, 2007 WL 1376289 at *1—2. Additionally, failure to confer after discovery has been supplemented may be detrimental to the moving party's request. *Design Basics, Inc. v. Granite Ridge Builders, Inc.*, 2007 WL 1830809, *2 (N.D. Ind. June 21, 2007) (denying motion to compel where it was apparent that the plaintiff did not confer with defendant after the defendant supplemented its discovery responses).

Lewis admits that she did not confer with defense counsel after the response was supplemented. Rather, she informed defense counsel that she was satisfied with the response and proceeded to file the present motion to compel. This does not satisfy counsel's duty under Rule 37. For this reason, the court **DENIES** Lewis' motion with respect to Interrogatory No. 4.

Lewis next asks the court to compel St. Margaret to supplement its response to Interrogatory No. 5. This interrogatory asks for St. Margaret to identify every current and former employee with whom "you" have communicated regarding Bertha Lewis' claims against the defendant. St. Margaret first ob-

jected, arguing that it was not clear what the phrase "claims against defendant" refers to and that the interrogatory sought production of information prepared in anticipation of litigation. St. Margaret has argued that the interrogatory does not state the time frame clearly, and upon inquiry, Lewis' counsel gave conflicting answers. Lewis' counsel stated that the "claims against the defendant" referred to the present lawsuit and that the applicable time frame was 2009 to 2010. However, the lawsuit was not filed until 2011. In her reply brief, Lewis has stated that the applicable time is after Lewis filed her lawsuit in 2011. St. Margaret later supplemented its response, stating that it was not clear who "you" referred to in the interrogatory. Assuming it meant the hospital representative, St. Margaret stated that Jan Autry did not remember speaking with any other individuals other than those she identified at her deposition.

Given the conflicting time frames, it is not clear whether Lewis' counsel was aware of the specific information she sought from this interrogatory. Again, this is something that should have been resolved when the parties conferred. Failure to clarify this timing issue suggests that the parties did not take the meet and confer requirement seriously. However, the record reflects that the parties were able to reach an agreement on the

meaning of the term "you", agreeing that the interrogatory sought Jan Autry's response.

St. Margaret represents that Lewis obtained the information sought at Autry's deposition. Autry identified several individuals at her deposition with whom she spoke about Lewis' lawsuit, including Mary Ellen Melgoza, Todd Terpstra, Teresa Wade, Charles Bergerom, Laverne Woods, Severiana Martinez, and Angela Farmer. Although Lewis may not have obtained the information in the form she had hoped, as a response to her interrogatory, Lewis does not argue in her reply brief that she has been denied the information. For this reason, the court finds that Lewis' request is cumulative. The record reflects that Lewis has possession of the information she seeks and that Autry has responded to the best of her knowledge.

Turning next to Interrogatory No. 8, Lewis asked St. Margaret to identify the aspects of Lewis' job performance that led to her termination, any rules, guidelines, or procedures that were used to evaluate Lewis' employment, each person who was responsible for evaluating Lewis, each person who had knowledge of Lewis' specific job performance, and all warnings given to Lewis with respect to her job performance. St. Margaret first objected that the interrogatory was overly broad and irrelevant, and later supplemented its response to point Lewis to other interrogatory

responses and documents that were responsive to Interrogatory No. 8. Lewis complains that St. Margaret's response does not address each clearly delineated sub-part and that Lewis is left to figure out which answers respond to each sub-part.

Federal Rule of Civil Procedure 33(b)(3) states that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." This was added "to emphasize the duty of the responding party to provide full answers to the extent not objectionable." Rule 33, Advisory Committee Notes. Each response "should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories, at least where such references make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers." *Scaife v. Boenne*, 191 F.R.D. 590, 594 (N.D. Ind. 2000) (quotation omitted). For this reason, incorporating the response of another interrogatory by reference is improper. *Magarl, LLC v. Crane Co.*, 2004 WL 2750252, *4 (S.D. Ind. Sept. 29, 2004).

However, if the response to an interrogatory may be ascertained from a document, and the burden would be the same on either party to identify the answer in the document, the responding party may respond to the interrogatory by specifying the records that must be reviewed "in sufficient detail to enable the

interrogating party to locate and identify them as readily as the responding party could." Rule 33(d). The responding party must be careful not to "document dump" and refer to a myriad of pages with no explanation. *Magarl,* 2004 WL 2750252 at *3. Such a response is improper.

St. Margaret first responded by objecting to the interrogatory as overly broad, irrelevant, and inadmissible, but later supplemented its response and answered by referring to other interrogatories and documents. "This practice results in an ambiguous response, since it cannot be determined whether the responding party has supplied a full and complete answer in spite of the objection, or a partial or incomplete answer in reliance upon the objection." *Burton Mechanical Contractors, Inc. v. Foreman*, 148 F.R.D. 230, 233 (N.D. Ind. 1992). In its response to Lewis' motion to compel, St. Margaret does not raise or argue that the discovery request is overly broad or irrelevant but argues that it provided a complete response. To the extent St. Margaret intended to maintain its objection, it has failed to show why the information sought is irrelevant.

In its supplemental response, St. Margaret first referred Lewis to Interrogatory No. 3, which stated the reasons why St. Margaret terminated Lewis' employment. St. Margaret argues that this is responsive to subpart A, which asked St. Margaret to

identify Lewis' specific job performance that played a role in the decision to terminate her.  Although each interrogatory is required to have its own response, the discovery rules also prohibit cumulative discovery requests.  In response to Interrogatory No. 3, St. Margaret gave an answer that is responsive to Interrogatory No. 4(A), explaining that Lewis was terminated due to her progressive discipline for unsatisfactory work, which included failure to complete assigned tasks, failure to follow procedures, failure to keep the Housekeeping Director properly informed, and insubordination.  St. Margaret also identified the final specific incident that led to Lewis' termination.  Although each response should be independent, this answer is clearly responsive, the record reflects that Lewis has the information, and requiring St. Margaret to copy and paste its response would be futile and cumulative.

Additionally, St. Margaret also referred Lewis to her personnel file.  Rule 33(d) permits respondents to point to specific documents in response to an interrogatory.  It is only logical that her personnel file would contain Lewis' disciplinary record, including the multiple written warnings identified in response to Interrogatory No. 3.  Lewis does not represent that she made any effort to go through the personnel file to locate the documents that are responsive to the request, nor does Lewis

argue that the documents are so extensive that they would be overly burdensome to search.  If Lewis would have taken the time to look through the documents and interrogatories St. Margaret referred to, she could have discovered the answers to some of her interrogatory requests.

In subpart B, Lewis sought any rules, guidelines, and procedures used to evaluate her performance.  In response, St. Margaret pointed to the employee handbook and explained that it contained copies of the policies in effect at the time Lewis was terminated.  Although St. Margaret did not specifically state that the policies were submitted in response to subpart B, St. Margaret noted in its response to the interrogatories that the employee handbook contained the policies.  It is abundantly clear that the handbook responded to this request.  Lewis does not complain that the handbook does not contain the policies as St. Margaret represents.

Lewis next asked St. Margaret to identify the individuals who were responsible for evaluating Lewis.  In response, St. Margaret identified two supervisors, Gloria Wilcher and Sue Greenwald.  It is not clear from this response whether these were the only two individuals responsible for evaluating Lewis, however, St. Margaret also referred Lewis to her personnel file in response to subpart C, and represents that the answer was

contained therein.  It is only logical that Lewis' evaluations would be located in the personnel file. Again, Lewis does not claim that she was unable to identify the response in the personnel file or that St. Margaret "dumped" numerous documents on her without any direction on where to find the response.  St. Margaret was permitted to respond by pointing to documents, and absent some indication that it would be more difficult for Lewis to locate the answer than St. Margaret, St. Margaret has fulfilled its burden to respond.

St. Margaret also stated that Lewis' personnel file and St. Margaret's position statement contained information that was responsive to subparts D and E, which asked St. Margaret to identify each person with knowledge of Lewis' specific job performance and to describe all warnings given to Lewis with respect to job performance.  Again, it is apparent that Lewis could have found each warning she received in her personnel file. Lewis does not allege that the file does not contain the warnings or that it would be more difficult for her to locate them within her file.  However, it is not clear that the file would identify each person with knowledge of Lewis' job performance.  It is possible that people other than those supervising or evaluating Lewis might be familiar with her job performance.  For example, co-workers may have complained to supervisors about her perform-

ance.  Therefore, St. Margaret must provide a complete response
to Interrogatory No. 8, subpart (D).

Interrogatory No. 9 asked St. Margaret to identify each
person who complained about Lewis.  St. Margaret first objected
that the interrogatory was overly broad and irrelevant, and later
specified the reasons it found the discovery request over broad.
St. Margaret complained that the interrogatory did not give a
time frame or specify to whom the complaints were made or whether
she sought both verbal and written complaints.  The court agrees
that Lewis' interrogatory was overly broad.  Lewis was employed
by St. Margaret for 36 years, but she did not specify the time
frame for the complaints she sought to obtain during discovery.
Nor did Lewis narrow the complaints in any other manner, such as
those made to a supervisor, or identify whether she sought both
written and verbal complaints.  Lewis subsequently narrowed her
request to 2009 through 2010, and St. Margaret responded that
Wilcher and Greenwald did not recall receiving written complaints
other than those referred to in the reports they received and
testified about during their depositions.  The reports also were
referred to in documents previously produced.

Although Wilcher and Greenwald testified at their deposi-
tions that they did not recall receiving other written com-
plaints, this is not conclusive that no one else at St. Margaret

received any other complaints. In its response to Lewis' motion to compel, St. Margaret explained that verbal complaints were made by co-workers "such as Tina Tuskan". This suggests that there were other employees who made verbal complaints, and verbal complaints may not have been included in Lewis' personnel file. Additionally, it was improper for St. Margaret to refer to depositions in response to the interrogatory. *Scaife*, 191 F.R.D. at 594. Lewis is entitled to a complete, responsive answer, rather than a piecemeal reference to multiple documents and depositions, none of which encompass a complete list of everyone who made a complaint. Lewis' motion is **GRANTED** with respect to this request, and St. Margaret is **ORDERED** to provide a complete list of employees who complained about Lewis, either in writing or verbally, during 2009 or 2010.

Interrogatory No. 10 asked St. Margaret to state the conduct about which each person identified in response to Interrogatory No. 9 complained. St. Margaret objected to the interrogatory as overly broad and irrelevant and later referred Lewis to its response to Interrogatory No. 9. The court already has stated St. Margaret's response to Interrogatory No. 9 was insufficient. For this reason, St. Margaret is required to state the basis of the complaints, both verbal and written, made against Lewis from 2009 through 2010.

Lewis next asks the court to compel a response to Interrogatory No. 12, which asks St. Margaret to identify anyone who has performed any of Lewis' former job duties, and to state when and which activities those individuals performed. St. Margaret made its same objection that the interrogatory was over broad and irrelevant. Lewis initially did not provide a time limitation, but later limited her request to those individuals who performed Lewis' duties in 2009 and 2010. Wilcher testified at her deposition that "everyone" performed duties that at one time were performed by Lewis. St. Margaret responded that Wilcher was the individual most likely to know who completed Lewis' duties, but she was unable to recall any more information than provided at her deposition. The court does not find this response convincing. If Wilcher was competent to testify that "everyone" performed Lewis' duties, she should have been able to identify other employees by name who performed Lewis' duties during 2009 and 2010. Even assuming Wilcher could not recall the name of one single employee who performed any of Lewis' duties, if "everyone" performed Lewis' duties, someone at St. Margaret must be aware of individuals who performed any of Lewis' duties during the relevant time period. Either St. Margaret's documents or someone employed by St. Margaret should be able to identify the individuals who did tasks that Lewis performed between 2009 and 2010.

For this reason, St. Margaret is **DIRECTED** to provide a complete written response to this interrogatory.

Next, the parties dispute whether St. Margaret provided a complete response to Interrogatory No. 16 which asks St. Margaret whether any other employee has filed a civil suit against it regarding her employment, and seeks the identity of the employee as well as general information about the prior law suits.  St. Margaret objected that the interrogatory was overly broad and irrelevant but later stated that it would inform Lewis of age discrimination lawsuits filed within the past five years if the lawsuits dealt with the housekeeping department, Gloria Wilcher, or Sue Greenwald.  Lewis agreed to limit the period to the previous five years, but disagreed that the response should be limited to the housekeeping department.  Lewis believes that other lawsuits would help establish pretext and that individuals outside of the housekeeping department, including Jan Autry and the CEO, were involved in the decision to terminate Lewis' employment.  Lewis also has argued that the response should not be limited to age discrimination suits, because other similar acts of discrimination may be relevant to establish pretext.  St. Margaret later supplemented its response and stated that no age discrimination lawsuits were filed against St. Margaret in the past five years.  The parties dispute whether St. Margaret should

provide information related to lawsuits arising from discrimina-
tion other than age.

Age discrimination can be established by direct or circum-
stantial evidence.  A plaintiff proceeding with indirect proof
must establish a prima facie case by showing that: (1) she is
over 40 years of age; (2) she performed her job satisfactorily
and in accordance with the defendant's legitimate expectations;
(3) she suffered an adverse employment action; and (4) a younger
employee, who is similarly situated, was treated more favorably.
*Olson v. Northern FS, Inc.*, 387 F.3d 632, 635 (7th Cir. 2004);
*Gusewelle v. City of Wood River*, 374 F.3d 569, 574 (7th Cir.
2004); *Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 771-72 (7th Cir.
2002); *Gordon v. United Airlines, Inc.*, 246 F.3d 878, 885-86 (7th
Cir. 2001).  Once the plaintiff establishes a prima facie case, a
presumption of discrimination is created, and the burden shifts
to the defendant to articulate a legitimate, non-discriminatory
reason for its employment actions.  *Gusewelle*, 374 F.3d at 574;
*Zaccagnini v. Charles Levy Circulating Company*, 338 F.3d 672, 675
(7th Cir. 2003); *Grayson v. City of Chicago*, 317 F.3d 745, 748
(7th Cir. 2003). The burden then shifts back to the plaintiff who
must now show by a preponderance of the evidence that the
defendant's reasons are merely a pretext for discrimination.
*Steinhauer v. Degolier*, 359 F.3d 481, 484 (7th Cir. 2004);

20

*Volvosek v. Wisconsin Department of Agriculture, Trade and Consumer Protection*, 344 F.3d 680, 692 (7th Cir. 2003). The plaintiff cannot establish pretext merely by showing that the "reason was doubtful or mistaken." *Crim v. Board of Education of Cairo School District No. 1*, 147 F.3d 535, 541 (7th Cir. 1998). *See also Rummery v. Illinois Bell Telephone Company*, 250 F.3d 553, 557 (7th Cir. 2001). Rather, the plaintiff must show that the employer is lying or that the employer's reasoning has no basis in fact. *Lesch v. Crown Cork & Seal Company*, 282 F.3d 467, 473 (7th Cir. 2002). *See also Schuster v. Lucent Technologies, Inc.*, 327 F.3d 569, 574-576 (7th Cir. 2003).

Evidence of other lawsuits would not be relevant to establish a prima facie case. Rather, as Lewis argues, the only basis on which it may be relevant would be to establish pretext. However, it is not clear how evidence of lawsuits stemming from other types of discrimination would suggest that St. Margaret's stated reason for terminating Lewis was a pretext for age discrimination. "Evidence of generalized racism or even discrimination directed at others is not germane unless it has 'some relationship with the employment decision in question.'" *Grayson v. O'Neil*, 150 F.Supp.2d 979 (N.D. Ill. 2001)(*citing Venters v. City of Delphi*, 123 F.3d 956, 973 (7th Cir. 1997)). Showing that there were lawsuits filed alleging other forms of discrimination

would not suggest that St. Margaret terminated Lewis because of her age or that her age was a factor in the determination. For this reason, the court finds this discovery request irrelevant. St. Margaret already has responded that there were no age discrimination claims filed within the agreed upon five years preceding Lewis' lawsuit against any department of St. Margaret. St. Margaret has provided the information required, and Lewis' motion is **DENIED.**

Lewis also asks the court to extend the discovery deadline. Federal Rule of Civil Procedure 16(b) provides that a schedule shall not be modified except upon a showing of good cause and by leave of the court. *Campania Management Co., Inc. v. Rooks, Pitts & Poust*, 290 F.3d 843, 851 (7th Cir. 2002); *Briesacher v. AMG Resources, Inc.*, 2005 WL 2105908, *2 (N.D. Ind. Aug. 31, 2005). Good cause sufficient for altering discovery deadlines is demonstrated when a party shows that, "despite their diligence, the established timetable could not be met." *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995).

Discovery originally was set to close on June 29, 2012. St. Margaret moved to extend the discovery deadline so that Lewis had additional time to serve discovery responses and St. Margaret could depose Lewis after receipt of the responses. Lewis' counsel objected, but St. Margaret's motion was granted, extend-

ing discovery through September 12, 2012. In the order, the court directed that no further extensions of the discovery period would be granted. St. Margaret subsequently filed an agreed motion to extend the discovery period, and discovery was extended until October 31, 2012. Lewis now requests to extend the discovery period an additional 90 days so that she may review any responses St. Margaret is compelled to provide and take six depositions, including that of two of Lewis' supervisors, three similarly situated younger employees, and another fact witness.

Lewis has provided no explanation for why she did not serve the interrogatories or request the depositions at an earlier time. Lewis previously objected to an extension of discovery and now seeks to conduct a substantial amount of additional discovery and depose potential witnesses who she was both aware of and had a need to depose since the case commenced. Lewis has known since the onset that her supervisor's testimony would be relevant and that she would need to identify similarly situated employees to succeed on her claim. In light of her failure to explain why discovery was not sought at an earlier time, specifically, prior to either extension of the discovery deadline, Lewis has not met her burden to show that she has good cause for requesting the extension. The court previously instructed that no further extensions of the discovery deadline would be granted. It would be

inconsistent with the court's order to permit another extension

of the discovery deadline. For this reason, her motion is

**DENIED.**

_____

Based on the foregoing, the Motion to Compel [DE 30] filed

by the plaintiff, Bertha M. Lewis, on October 24, 2012, is

**GRANTED IN PART** and **DENIED IN PART**, the Motion to Extend Discov-

ery Deadline [DE 32] filed by Lewis on October 25, 2012, is

**DENIED,** and the Second Motion to Compel [DE 36] filed by Lewis on

November 9, 2012, is **DENIED AS MOOT.**

ENTERED this 17th day of January, 2013

s/ ANDREW P. RODOVICH
United States Magistrate Judge