# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| BERTHA M. LEWIS, | ) |
| Plaintiff, | ) |
| vs. | ) Cause No. 2:11-cv-313 |
| SAINT MARGARET MERCY, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Bertha Lewis seeks attorney's fees as a sanction relating to alleged discovery violations by Defendant St. Margaret Hospital. In August 2012, Lewis filed a number of interrogatories, and St. Margaret responded to them on October 10, 2012, with the production of roughly 1,800 pages of documents. A discovery dispute ensued, and on October 24, 2012, Lewis filed a motion to compel. She also filed a motion to compel St. Margaret to provide its initial disclosures on November 9, 2012. The magistrate granted the first motion to compel in part and denied it in part on January 17, 2013. St. Margaret provided its initial disclosures shortly after Lewis filed her second motion to compel, so the magistrate denied that motion as moot. Lewis now asks me to award her the attorney's fees she accrued preparing the two motions.

This case raises two questions. First, in its response to the pending motion for attorney's fees, St. Margaret responded with a detailed account – including email and letter correspondence – of the back-and-forth preceding the motions to compel. Based on this, it seems clear to me that although Lewis's counsel adequately expressed her general displeasure with the discovery responses provided by St. Margaret, she didn't communicate enough specifics to allow St.

1

Margaret to supplement its responses in a reasonably timely fashion, and she certainly didn't engage in good faith communication with St. Margaret's attorneys to try to resolve the discovery dispute before getting the court involved. Therefore, if the response stands, I'm inclined to deny the motion for attorney's fees.

That takes me to the second question – should the response stand? Lewis's motion to strike notes that St. Margaret's response to her motion for attorney's fees was over two weeks late, and St. Margaret's didn't ask for an extension or even leave to file such an untimely response. I agree that this noncompliance is distressing, and I strongly urge St. Margaret to avoid a repeat of the situation. But I have broad discretion to strike such untimely filings (or not). And in this case, I am reluctant to award fees based on a blown deadline where it is pretty clear that there is little substantive basis for awarding the fees in the first place.

## Factual and Procedural Background

I don't need to provide an exhaustive narrative of the events leading up to Lewis's motion for attorney's fees, but a summary of the highlights is perhaps warranted. As noted above, Lewis filed motions to compel on October 24, 2012 and November 29, 2012. (DE 30; DE 36.) The first sought to force St. Margaret to supplement their responses to a set of interrogatories[1] (DE 30; DE 31); the latter asked the court to compel St. Margaret to provide its initial disclosures. (DE 36; DE 37.)

The communications between counsel just before the filing of the motions to compel are key to resolving the dispute about attorney's fees. With respect to the first, it appears that St.

---

[1] The substance of the motion to compel is not strictly relevant, but speaking very generally, it asks the court to require St. Margaret to refrain from pointing Lewis to a pile of documents in response to various interrogatories, and instead, answer the interrogatories directly.

Margaret filed supplemental responses to the interrogatories at issue on October 23, 2012. (DE 47-1.) Counsel for Lewis immediately indicated that she believed that the responses were still insufficient, and she further stated that she would call counsel for St. Margaret's the next day and was prepared to file a motion to compel if the discovery dispute was not resolved informally. (*Id.*) According to St. Margaret, Lewis's counsel never actually called to discuss the discovery responses, but instead she just declared that the parties were at an impasse and filed the motion to compel. (DE 30; DE 47 at 2; DE 47-2.)

St. Margaret tells a similar story with respect to the November 9, 2012 motion to compel. It says that initial disclosures were not filed by either party, mostly due to the uncertainty of who would represent Lewis during the early stages of the case. (DE 47 at 4-5.) Then, on October 25, 2012 – nearly a year after they should have been due – St. Margaret received Lewis's disclosures. (*Id.* at 5.) On November 8, 2012, Lewis's counsel sent counsel for St. Margaret an email warning that if it didn't produce its initial disclosures within the next day, she would file a motion to compel. (*Id.*; DE 47-5 at 1.) Counsel for St. Margaret responded early on November 9, 2012 (a Friday) that she was out of the office on November 8 and would respond early in the following week. (*Id.*) Lewis's attorney wrote back that "[t]his is unacceptable" and filed her motion to compel on the same day. (*Id.*; DE 36.)

The magistrate judge disposed of both motions to compel on January 17, 2013. Taking them in reverse order, he denied the second motion to compel initial disclosures as moot because St. Margaret produced them on November 28, 2012.[2] (DE 41 at 3, 5.) His order on the first

---

[2] The magistrate actually said that St. Margaret produced its initial disclosures two *days* later, but based on the docket (which shows the disclosures were filed with the court on November 28, 2012), I think he probably meant two *weeks*.

3

motion to compel was a bit more complicated, but at the risk of overgeneralizing, he essentially ordered St. Margaret to supplement its responses with respect to three interrogatories and denied Lewis's motion with respect to the rest. (DE 41.)

Lewis filed the pending motion for attorneys fees on February 12, 2013. (DE 45.) Although its response to this motion should have been due on February 26, 2013, St. Margaret didn't respond until March 15, 2013. (DE 47.) Accordingly, on March 20, 2013, Lewis filed a Rule 56 Motion to Strike that untimely response. (DE 48.) St. Margaret has not responded to that motion.

## Discussion

As I noted above, there are two questions before me. The ultimate one is whether, given my understanding of the facts and circumstances of the case, I should award attorney's fees to Lewis's counsel. But before I get to that, I need to determine what those facts and circumstances are – and in order to make that determination, I need to decide whether I'll excuse St. Margaret's untimely response to Lewis's motion for attorney's fees.

I have a great deal of discretion to determine whether to permit a party to file a pleading or other document after the deadline to do so has passed. "[D]istrict courts have wide latitude in managing their dockets, including the power to consider an untimely motion for summary judgment." *Maus v. Murphy*, 29 Fed. App'x 365, 369 (7th Cir. 2002); *accord Thomas v. Kroger Co.*, 24 F.3d 147, 149 (11th Cir. 1994) ("A district court... may consider an otherwise untimely motion if, among other reasons, doing so would be the course of action most consistent with the interest of judicial economy." (internal quotation marks omitted)). It should go without saying that if I can consider an untimely *dispositive* motion (like a motion for summary judgment), I

4

should be able to consider a *nondispositive* pleading like St. Margaret's response to the motion for attorney's fees.

Indeed, in the scenario where a party has failed to respond to a pending motion by the deadline imposed by the Federal Rules of Civil Procedure or the corresponding local rules, it's my standard practice to issue an order "gently" reminding the noncomplying litigant that they need to file something (if they intend to do so at all). Truth be told, I probably would have issued something along those lines in this case if St. Margaret hadn't beaten me to the punch. And in that type of situation – where I probably would have allowed a litigant to file the pleading that the other party requests that I exclude – it's of course proper for me to deny the motion to strike. *See, e.g., Gagan v. United Consumers Club, Inc.,* No. 2:10-cv-026, 2012 WL 729943, at *2 (N.D. Ind. March 6, 2012). Indeed, to hold otherwise would be to flaunt the general rule that motions to strike are disfavored. *See, e.g., Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991). Therefore, Lewis's pending Rule 56 Motion to Strike is **DENIED**.

So now I know what facts I need to consider in order to resolve the remaining motion for attorney's fees. Frankly, it's not even a close call. First and foremost, Rule 37(d)(1)(B) of the Federal Rules of Civil Procedure specifically requires that "[a] motion for sanctions for failing to answer or respond [to an interrogatory] *must* include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. Pro. 37(d)(1)(B) (emphasis added). Lewis has not included such a certification in this case, so it's an open-and-shut issue for me on that basis alone.

But even if she had included a Rule 37 duty to confer certification, I'd almost certainly

5

still deny the motion for attorney's fees. In St. Margaret's version of events, Lewis's counsel significantly jumped the gun and filed her motions to compel within 24 hours or so after contacting St. Margaret's attorneys to object to its discovery production (or lack thereof). In both cases, she filed the motions before there was a meaningful opportunity to confer with the other side. And while this is just St. Margaret's side of the story, and it's usually wise to take one party's version of events with a grain of salt, in this case, that account is supported by a number of emails and other correspondence. (DE 47-1; DE 47-2; DE 47-3; DE 47-4; DE 47-5.)

This result is underscored by the fact that I have a lot of leeway on the issue of sanctions. "District courts have wide discretion in supervising discovery and deciding whether or not to impose sanctions." *Johnson v. Schnuck Markets, Inc.*, 495 Fed. App'x 733, 737 (7th Cir. 2012) (*citing Hunt v. DaVita*, 680 F.3d 775, 780 (7th Cir. 2012)). It just wouldn't seem right to me to award sanctions given the facts and circumstances of this case. Lewis's counsel seems to have given St. Margaret a single day to correct any discovery deficiencies before running to court with her motions to compel. That simply isn't reasonable. What's more, based on some correspondence, it looks like she may have even prepared the motions to compel *before* she contacted St. Margaret's counsel, which makes me skeptical that she could plausibly claim the time spent drafting them as an expense flowing from St. Margaret's purported discovery violations.

None of this should be read by St. Margaret's counsel as my condoning the way they have handled this case. I do not. They waited over a year to provide their Rule 26 disclosures, blew a deadline for responding to the pending motion for fees and then didn't bother to respond to the subsequent motion to strike. If this case survives summary judgment, I will expect better.

6

## CONCLUSION

Therefore, for the foregoing reasons, both Lewis's Motion for Attorney Fees (DE 45) and Motion to Strike (DE 48) are **DENIED**.

**SO ORDERED**.

ENTERED: August 15, 2013.

                                            s/ Philip P. Simon
                                            PHILIP P. SIMON, CHIEF JUDGE
                                            UNITED STATES DISTRICT COURT